**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Richard Wallace, | ) | No. CV 07-2559-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| The Bashas' Inc. Group Disability Plan, | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant's motion to seal several exhibits attached to the statement of facts in support of Defendant's motion for summary judgment. Plaintiff has joined the motion. The justification for sealing is that the documents are "medication records containing sensitive and personal information, including Plaintiff's date of birth and social security numbers [*sic*], which should be treated as confidential information." Doc. #18 at 1.

To file any part of a motion for summary judgment under seal, the party seeking to seal must show "compelling reasons" to overcome the strong presumption in favor of public access to court filings. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

> That is, the party must articulate compelling reasons supported by specific factual findings... that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files have become a vehicle for improper purposes, such as the use of records to gratify

private spite, promote public scandal, circulate libelous statements, or release trade secrets. The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.

*Id.* at 1178-79 (internal citations and quotations omitted).

In this case, the Court agrees that Plaintiff's date of birth and social security number need not be made part of the public record. However, that result can be accomplished by redacting those specific parts of an exhibit, rather than sealing the entire exhibit. Beyond those specifics, the Court finds Defendant has not shown compelling reasons to seal. First, Defendant has not made a showing with the particularity that the Court of Appeals requires on an exhibit by exhibit basis. Second, although public access to Plaintiff's private medical records might cause embarrassment, embarrassment is not a basis for sealing. Further, any possible embarrassment is purely speculative on this record. Finally, neither party makes any claim that the Court's records are being used for any improper purpose. Thus, the motion to seal the entire exhibits will be denied.

Accordingly,

**IT IS ORDERED** that the motion to seal (Doc. #18) is denied.

**IT IS FURTHER ORDERED** that the lodged statement of facts (Doc. #17) is stricken from the record.

**IT IS FURTHER ORDERED** that Defendant shall file a statement of facts in support of its motion for summary judgment by April 30, 2009; Defendant may redact Plaintiff's date of birth and social security number from all exhibits, but shall not file any entire exhibit under seal.

**IT IS FURTHER ORDERED** that this Order shall not be sealed.

DATED this 21st day of April, 2009.

James A. Teilborg
United States District Judge

- 2 -