**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Wallace, ) | No. 07-CV-02559-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| The Bashas' Inc. Group Disability Plan, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**I.  Procedural History**

Pending before the Court is Defendant's Motion for Attorney's Fees (Doc. # 45). Defendant's motion is premised upon the Court's determination that summary judgment was appropriate on Plaintiff's ERISA complaint. The Bashas' Inc. Group Disability Plan (the "Plan") seeks attorney's fees in the amount of $36,505.50. This amount encompasses fees incurred from December 18, 2007, when Plaintiff filed his complaint, through February 28, 2010, the date in which Defendant filed this motion.

**II.  Discussion**

Under the ERISA fee-shifting provision, the Court has discretion to award reasonable attorney's fees to either party in a lawsuit. 29 U.S.C. § 1332(g)(1). *See also Hummel v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). Five factors shape this determination: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of fees; (3) whether an award of fees against the opposing party

would deter others from acting under similar circumstances; (4) whether the party requesting fees sought to benefit all participants and beneficiaries of an ERISA plan to resolve a significant legal question regarding ERISA[1]; and (5) the relative merits of the parties' positions. *Hummel*, 634 F.2d at 453. The Court does not have to give all factors equal weight and some factors may not be implicated in every case. *Smith v. CMTA-IAM Pension Trust*, 746 F.2d 587, 590 (9th Cir. 1984). Although the *Hummel* factors "will seldom dictate an assessment of attorney's fees against [the] plaintiff," *Kearney v. Standard Insurance Co.*, 144 F.3d 597, 612 (9th Cir. 1998), there is no presumption favoring either party. *See Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 408 (9th Cir. 1997).

### A. Degree of Plaintiff's Culpability or Bad Faith

First, the record does not suggest any bad faith by Plaintiff in either bringing or prosecuting his lawsuit. Bad faith is lacking where the plaintiff has a reasonable belief that he can prove an actionable ERISA claim. *Honolulu Joint Apprenticeship & Training Committee of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1239 (9th Cir. 2003). For example, Plaintiff did not pursue previously rejected arguments, fail to exhaust administrative remedies, or violate the Plan's clear terms. Even absent such explicit forms of misconduct, Defendant suggests that the relative merits of the parties' positions conclusively demonstrate culpability or bad faith. Although the Court granted Defendant's motion for summary judgment, this determination does not necessarily require a finding of bad faith. Instead, this conclusion simply indicates Plaintiff's inability to convince the Court that, as a matter of law, Defendant abused its discretion in denying Wallace's claim for long-term disability benefits. This absence of bad faith does not completely foreclose recovery because the Court must take into account all the relevant *Hummel* factors for awarding attorney's fees. *See McElwaine v. U.S. West, Inc.*, 176 F.3d 1167, 1173 (9th Cir. 1999).

---

[1] Both parties concede that this specific factor does not apply to the present facts; therefore, analysis as to whether Plaintiff sought to benefit all participants and beneficiaries of an ERISA plan to resolve a significant legal question regarding ERISA is irrelevant to the Court's analysis.

## B. Plaintiff's Ability to Satisfy an Award of Fees

Second, evidence suggests Plaintiff will incur hardship with an award of attorney's fees. A party's ability to pay these fees is an important factor in determining whether an award is appropriate in ERISA actions. *Tingey v. Pixley-Richards West, Inc.*, 958 F.2d 908, 909 (9th Cir. 1992) (internal citations omitted); *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 446 (6th Cir. 2006) (holding that the plaintiff was financially well off and could absorb an award of fees). Wallace's total monthly income is $2,464.00 and most comes from Social Security Disability Insurance ("SSDI") benefits. Furthermore, his monthly bills are at least $3,161.00. Plaintiff, lacking significant financial resources, will have difficulty paying these fees.

## C. Degree of Plaintiff's Culpability or Bad Faith

Third, awarding attorney's fees to Defendant might deter other similarly situated plaintiffs from filing or prosecuting their ERISA claims. Although Plaintiff unsuccessfully litigated his claim, the Court has already determined that its filing and prosecution were not conducted in bad faith; instead, summary judgment was appropriate because Plaintiff failed to demonstrate Defendant's abuse of discretion in denying his benefits (Doc. # 40). While the Ninth Circuit has recognized that there is some value in awarding fees to "discourag[e] other litigants from relentlessly pursuing groundless claims," where, as here, the plaintiff did not engage in such behavior, the deterrence factor does not support an award of fees. *Credit Managers Ass'n of S. Cal. v. Kennesaw Life & Accident Ins. Co.*, 25 F.3d 743, 748 (9th Cir. 1994). By deterring other similarly situated plaintiffs, such an award would actually contradict ERISA's purpose of protecting plan participants. *See Smith*, 746 F.2d at 589.

## D. Relative Merits of the Parties' Positions

Finally, despite Defendant's successful motion for summary judgment, the relative merits of Defendant's position do not outweigh the previous *Hummel* factors. Attorney's fees are not justified even if the Court chooses to analyze the current factor in terms of

Plaintiff's claim rather than his position. The Defendant clearly obtained a favorable, final order on the merits. In particular, the Court determined that the Plan did not "rely upon a clearly erroneous basis for denying Wallace's claim." (Doc. #40 at 8). However, the absence of bad faith, Plaintiff's difficulty in satisfying an award, and the presence of an adverse deterrent effect all weigh against the Defendant.

### III. Conclusion

**IT IS ORDERED** that Defendant's Motion for Attorney's Fees (Doc. #45) is denied.

DATED this 14th day of June, 2010.

James A. Teilborg
United States District Judge